IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-83077-TJM |
| | ) | |
| LINDA SUE WHITBECK, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on March 15, 2010, regarding Filing #32, Motion for Turnover of Property and for Sanctions, filed by the debtor, and Filing #38, Response, filed by Chrysler Financial Services Americas, L.L.C., f/k/a DaimlerChrysler Financial Services Americas, L.L.C. Bradford Davis appeared for the debtor and Kathryn Klein appeared for Chrysler Financial Services Americas, L.L.C.

Several months after the petition date, Chrysler Financial Services Americas, L.L.C. ("Chrysler") repossessed the debtor's vehicle which contained specialized equipment for her to use in her job. The debtor filed a motion for turnover and for sanctions. The court immediately ordered turnover, found a violation of the automatic stay had occurred, and set a hearing for March 15, 2010. The court ordered Chrysler to return the vehicle by the date of the hearing or suffer significant monetary sanctions from the date of repossession until the date the vehicle was returned.

At the hearing on March 15, 2010, the debtor presented affidavit evidence concerning attorney fees incurred as a result of the improper repossession and wages lost by the debtor resulting from the repossession.

Chrysler filed a response to the motion for turnover and counsel for Chrysler gave an explanation on the record as to what had occurred. Apparently, the repossession order issued by Chrysler to the company that picked up the vehicle was issued prior to the petition date. When Chrysler was notified of the bankruptcy and turned the file over to the bankruptcy department which employed counsel, the Chrysler records were not updated to cancel the repossession order.

Immediately upon being notified of the repossession, an attorney for Chrysler, once verifying that the repossession had occurred, contacted counsel for the debtor and offered to pay actual damages and return the car the day following the filing of the motion.

The Bankruptcy Code at 11 U.S.C. § 362(k)(1) provides that an individual injured by any willful violation of the automatic stay shall recover actual damages, including costs and attorney fees, and, in appropriate circumstances, may recover punitive damages.

Although counsel for Chrysler argues that the violation was not intentional because the actual repossession order was made pre-petition and there simply was a mistake made in not updating Chrysler's records, I find otherwise. Chrysler is a nationwide operating financing organization. It has been in business for some time and should have, by now, procedures in place which would assure this court and debtors dealing with Chrysler that Chrysler will not violate the automatic stay by repossession post-petition. If it had such procedures in place, they failed in this instance. I do find that Chrysler's act is an intentional act because there is no question that Chrysler ordered the repossession.

On the other hand, Chrysler, through counsel, acted with great speed and appropriately offered actual damages as soon as counsel became aware of the problem. That mitigates against punitive damages being awarded. Therefore, the motion for turnover is granted. Sanctions in the amount of actual damages are awarded. The itemized statement of attorney fees and paralegal hours includes 1.1 hours for the attorney at $200 per hour and 2.3 hours for the paralegal billed at $100 per hour. In addition, Mr. Davis, counsel for the debtor, at the hearing stated that he had expended an additional hour preparing for the hearing. Attorney fees and expenses in the amount of $750 are awarded and, if not paid within 15 days, shall become a judgment against Chrysler.

The evidence presented by the debtor concerning her lost wages shows that she has lost $367.28 as a result of being unable to work because of the repossession. She is awarded that amount, which, if not paid within 15 days, shall result in a judgment being entered against Chrysler.

Mr. Davis is requested to notify the court if payment is not received on a timely basis.

IT IS ORDERED that the Motion for Turnover of Property and Sanctions, Filing #32, is granted and sanctions in the amount of actual damages are awarded. Attorney fees and expenses in the amount of $750 are awarded to counsel for the debtor and the debtor is awarded lost wages in the amount of $367.28.

DATED:    March 15, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Bradford Davis
    Kathryn Klein
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.